## JACOB S. YOUNG, PROS., v. LEWIS PARKER, JR., RECEIVER OF TAXES.

1. Where a party, complaining of an assessment as being too high, has refused to deliver to the assessor, when required, a written statement of the particulars of his property, under oath, as required by law, the commissioners of appeal have no power to reduce the tax.
2. What will amount to such refusal, considered.

*Certiorari.* In matter of taxation.

For the prosecutor, *Richey & Emery.*

For the receiver, *G. D. W. Vroom.*

The opinion of the court was delivered by

VREDENBURGH, J.   The prosecutor was, in the year 1867, assessed in the third ward of Trenton, for three thousand dollars, personal property, whereas, theretofore he had been assessed for only one thousand.   Notwithstanding the prosecutor took the matter before the commissioners of appeal, they refused to interfere—whereupon this *certiorari* was brought.

It appears by the proof that after the assessor had returned his duplicate to the collector, the prosecutor called upon the assessor and inquired of him why he had added two thousand dollars to his tax.   The assessor replied that he had not done it himself; that there were parties on the north side of the town who were looking after the taxes, and that they had given him this amount to be added to his tax.   The commissioners of appeal, notwithstanding this, refused to reduce the tax, because the prosecutor had omitted to make the affidavit of the particulars of his property for the assessor, according to the provisions of the eighth section of the act of 1866. *Pamph. L.* 1866, *p.* 1081.*

Mr. Brindley, the assessor, says : " I left a tax affidavit at Mr. Young's house, within the first week in May, 1867. Mr. Young never returned to me a sworn statement of his property.   I never received from him, or any one else for him, a sworn statement of property.   I met Mr. Young in the street in June, before the assessment was closed.   I told him he had not returned his affidavit to me yet ; that I was about closing up my book, and wanted to get them all in. He said he did not think it was necessary to make an affidavit.   I told him I thought it was best to make it out.   He said it was not necessary.   I told him there was a good deal

*Rev., p.* 1153, § 67.

of trouble about taxes, and it was best to have an affidavit, and then there would be no trouble." This was a refusal within the meaning of said eighth section of the act of 1866, by Mr. Young, to make answer, under oath, of all the particulars of his property when required by the assessor, and, consequently, the commissioners of appeal, under said act, had no power or authority to reduce the prosecutor's tax.

The tax must be affirmed.